Todd E. Nolan #020898
Cari McConeghy Nolan #020572
Vicki A.R. Lopez, #010426
THE NOLAN LAW FIRM, PLLC
1744 S. Val Vista Dr., Suite 210
Mesa, AZ 85204
Telephone: (480) 773-7901
Fax: (480) 539-1016
Email: vicki@thenolanlawfirm.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | Case No. CR11-00989-002-PHX-DJH |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM FOR** |
| V. | ) | **DISPOSITION HEARING** |
| | ) | |
| David B. Allen, | ) | |
| | ) | *Defendant Not in Custody* |
| Defendant. | ) | |
| | ) | |

Defendant, by and through undersigned counsel, hereby submits the following information for the Court's consideration at the Disposition Hearing.

Mr. Allen was released from the Bureau of Prisons in December, 2013. He spent one month in a halfway house and 5 months on home detention. He believed he was on Supervised Release beginning immediately upon his release from prison.

He believed his Supervised Release terminated in December, 2018 and he thought the Probation Department or financial department would contact him regarding the continuation of his restitution payments and where to make the payments. So, he did not file reports or make payments after December, 2018. His payments and reports were consistent through December 28, 2018.

The first time Mr. Allen was made aware that his probation did not terminate in December was on March 15, 2019 at 1:15 p.m. when his probation officer, Amanda, emailed him:

> "Hi David. I see you have not submitted a monthly report for the past two months, so please turn those in as soon as possible. Thank you."

Mr. Allen responded on March 16, 2019 at 12:39 a.m.:

> "My understanding was that I no longer am required to send in a monthly report as my 5 years of supervision is over. I was released from prison in December 2013. How long do I need to continue reporting? Please let me know."

Ms. Aguirre responded on March 28, 2019 at 6:33 p.m.:

> "Your supervision expires June 5, 2019."

Mr. Allen went back and submitted the omitted monthly reports.

Then, on April 26, 2019, Mr. Allen received an email from Ms. Aguirre, stating:

> "Hi David. I wanted to ask about the status of your payments because on our payment report, it appears that a payment hasn't been made since December."

On May 6, 2019, Mr. Allen responded as follows:

> "I apologize. I thought I was done in December. I will go make a payment today to get caught up. Sorry for the delay on responding to this email. It ended up in my junk folder for some reason."

Ms. Aguirre responded on May 6 at 9:49am:

> "Regardless of when your supervision ends, you're still responsible for making your restitution payments afterwards."

From Mr. Allen on Monday May 6 at 9:54am:

> "Do I still make these payments to the same place after it ends? I was told another department would get in touch with me after my supervision ends."

From Ms. Aguirre on Monday May 8 at 4:11pm.:

> "The Financial Litigation Unit will continue to collect your payments after your supervision expires. Also, you have missed another month of reporting so please submit that."

Mr. Allen paid $300.00 in May, 2019 and $300.00 in June, 2019, bringing him current through the year and he has remained current. He also submitted that final report.

The remaining allegations in the Petition to Revoke were that Mr. Allen did not provide pay stubs, bank statements and a complete tax return. Mr. Allen is paid as a 1099 employee and he does not use a bank account. He got an extension on his 2018 taxes and he provided a copy of the extension. Since the Petition was filed, Mr. Allen, through counsel, has provided a financial affidavit and supporting financial documents to the FLU unit of the U.S. Attorney's Office.

It is also important to note that Mr. Allen has been on a Lower Intensity Supervision Caseload [LISC] since June, 2015.

3

Also, on April 26, 2019, Ms. Aguirre sent another email requesting financial documents for an annual financial review, giving Mr. Allen until May 17, 2019 to provide the documents.

On May 16, 2019, Mr. Allen communicated the following:

> "Hi Amanda-
> I got your message Monday and apologize I'm just getting back with you. We just found our that my wife has several tumors and have been overwhelmed with trying to get her the tests and help needed. Lots of Dr's appointments this week with her. I don't know why but your emails were going to my junk folder. I think that is fixed now but I just found this one asking for the financial review. I will work on this right away but will need a few extra days. Also, do you have to have experian for the credit report or will equifax or trans union work? I have credit karma which includes trans union and equifax but not experian. If it needs to be experian, I can get that but I already have the others."

On May 14, 2019, Ms. Aguirre left Mr. Allen a voicemail referencing the email about the financial review. Mr. Allen realized he had not seen that email and it prompted him to again look at his junk mail, which is where he found it.

He did not receive a response to his email.

There were phone conversations between Ms. Aguirre and Mr. Allen.

Phone call from Amanda 5/29 4pm

| 5/29 | 4:00P | 520-262-4763 | Peak | PlanAllow,M2M |
|------|-------|--------------|------|---------------|

**Amanda called me because I was pulled over for speeding a few minutes before this while working in Tennessee.  She was wondering why I didn't get permission before traveling out of state.  I informed her that I was given blanket permission to travel on January 7 2015 and immediately forwarded her the letter that stated such while she was still on the phone.  She apologized and we ended the call.**

4

Phone call from Amanda 5/29 4:25

| 5/29 | 4:25P | 520-262-4763 | Peak | PlanAllow,M2M |
|---|---|---|---|---|

**Amanda called me shortly after hanging up with me to ask where my documents were. I explained to her that I had emailed her requesting more time and with questions regarding the credit report but hadnt heard back from her. I explained that I was traveling extensively with work and when home was dealing with some serious health issues with my wife but that I was due to be home that weekend and would gather the necessary information and send it right over to her. She stated that it was important to get it in the file prior to the end of my supervision.**

Phone call from David 6/3

| 6/03 | 12:16P | 520-205-4400 | Peak | PlanAllow |
|---|---|---|---|---|

**I missed a call from Amanda and immediately called her back. I informed her that I just got back into town the day before and was in the process filing out the documents. She told me that I had a 2 hour deadline to get the information back to her.**

**Requested information was sent via email to Amanda within the 2 hour deadline**

| 6/06 | 11:12A | 520-262-4763 | Peak | PlanAllow,M2M |
|---|---|---|---|---|
| 6/06 | 1:01P | 520-262-4763 | Peak | PlanAllow,M2M |
| 6/06 | 1:53P | 520-262-4763 | Peak | PlanAllow,M2M |

**I heard nothing more from Amanda. June 6 (the day after my supervision was supposed to be over) I called Amanda 3 times throughout the day before getting ahold of her. I wanted to verify that I was off of supervision as I didn't want to make the same mistake as I did in December by assuming it was over because the time was up even though Amanda had verified that my supervision expires on June 5. When I finally got Amanda on the phone I asked her if I was still on supervision and she said "Kind of". I probed and she was short with me and stated that I may get something in the mail.**

   The only remaining text messages were as follows:

From David – Tuesday September 24 at 11:57pm

Hi Amanda-

I received a speeding ticket a few minutes ago. I am going to go to traffic school for it.

5

Please let me know if you need any additional information.

From Amanda- Wednesday September 25 at 10:11am

Thank you. You're now assigned to Roy Moreno, so I forwarded your email to him.

From David- Friday October 4 at 10:10am
Hi Amanda-
Will you please provide me with Roy's contact information?

END THREAD- No response to his request for Roy Moreno's contact information.

      RESPECTFULLY SUBMITTED this 9th day of December, 2019.

      THE NOLAN LAW FIRM, P.L.L.C.

      */s/Vicki A.R. Lopez*
      Vicki A.R. Lopez
      Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically transmitted the attached document to the Clerk's Office by using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants: Monica Klapper, Assistant U.S. Attorney and to Jennifer Levinson, Assistant U.S. Attorney.

*/s/Elisa Murphy*