**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>David Brooks Allen,<br><br>　　　　　Defendant. | No. CR-11-00989-002-PHX-DJH<br><br>**ORDER** |

Pending before the Court is Defendant David Brooks Allen's ("Defendant") Motion to Enforce Settlement/Payment Agreement, or in the alternative, his Motion to Quash the Government's Restitution Lien on 3759 S. Dew Drop Lane in Gilbert, Arizona. (Doc. 210 at 1). Plaintiff United States of America (the "Government") filed a Response in Opposition (Doc. 212). Defendant filed a Reply (Doc. 211). The Court held a hearing on October 20, 2022, and took the matter under advisement. (Doc. 224).

**I.　Background**

On January 3, 2012, the Court sentenced Defendant to 37 months in prison following Defendant's guilty plea of conspiracy and bank fraud. (Doc. 108 at 1). According to Defendant's Judgment:

> The defendant shall pay a total of $1,151,595.26 in criminal monetary penalties, due immediately. Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows: Balance is due in equal monthly installments of $500.00 over a period of 58 months to commence 60 days after the release from imprisonment to a term of supervised release. The Court finds the defendant does not have the ability

to pay a fine and orders the fine waived.

(*Id.*)

Upon release, Defendant did not have the ability to pay the $500.00 monthly installments and the Court reduced his monthly payment to $100.00. (Doc. 133). On December 13, 2019, this Court revoked Defendant's supervised release and ordered Defendant to pay $400.00 a month. (Doc. 177). Defendant's restitution payment has not been modified since the Court's 2019 order. (Doc. 210 at 2).

**A. Defendant's Dew Drop Property and Settlement Agreement**

On October 15, 2020, Defendant purchased the Dew Drop property at issue here. (Doc. 212-1 at 284). On November 19, 2020, the Government recorded a nominee lien on the Dew Drop property under 18 U.S.C. § 3613(c). (Doc. 196-2 at 2–4).

In September of 2021, Defendant's counsel contacted the Government and requested "some sort of settlement" so Defendant could refinance the Dew Drop property. (Doc. 212 at 8). The Government represents that, during this discussion, Defendant's counsel provided information that differed from Defendant's previous financial statement. The Government thus requested another financial statement and a copy of the loan file. (*Id.*) The Government then informed Defendant's counsel that any settlement agreement needed to include a subordination, rather than a release, of its lien as early as March of 2022. (*Id.* at 9).

The parties ultimately entered into a settlement agreement on May 16, 2022. (Doc. 196-1 at ¶ 17). In relevant part, the agreement sets forth the following provisions: (1) Defendant would complete the refinance of the Dew Drop property in the amount of $548,250; (2) once the loan closed and the original lender and closing costs were paid, the remaining proceeds minus $20,000 (at least $97,427) would be deposited with the Clerk of the Court to be applied toward Defendant's restitution judgment; (3) once the Government confirmed that the Clerk received the funds and the other conditions were met, it would execute an agreement subordinating its lien to the lender, Amerifirst Financial. (Doc. 212 at 10).

On May 25, 2022, Defendant's counsel informed the Government that the underwriter would not accept a subordination. (*Id.*) The Government then learned that Amerifirst Financial is unable to lend under the circumstances here because the lender is not a portfolio lender and instead sells its mortgages on the secondary market. (*Id.*) The Government further represents that Amerifirst would be unable to lend to Defendant even if the Government temporarily released its lien. (*Id.*)

On September 28, 2022, Defendant filed his Motion, requesting this Court to enforce the parties' settlement agreement and limit the Government's collection proceedings because of its unreasonable conduct, or in the alternative, to quash the Government's Restitution Lien on 3759 S. Dew Drop Lane in Gilbert, Arizona. (Doc. 210 at 5).

## II. Discussion

Defendant asks this Court to enforce the parties' settlement agreement so that the loan will close or, in the alternative, to quash the restitution lien because the property does not belong to Defendant. (Doc. 210 at 17). The Government contends the problem here is "not with the Government but rather with the lender" and that the Court "cannot force the lender, neither a party to the agreement nor this case, to close on the loan." (Doc. 212 at 12). The Government further asserts that although Defendant asks the Court to quash its lien under the Federal Debt Collection Procedure Act ("FDCPA"), the FDCPA only cover liens which arise from civil actions and here the lien arose from a criminal case. (*Id.*) Because this is not an enforcement action under the FDCPA, the Government says Defendant has failed to provide a legal basis for his requested relief and therefore the Motion should be denied. (Doc. 212 at 14).

### A. Criminal Restitution and Judgment Lien

The Mandatory Victims Restitution Act ("MVRA") "requires a criminal defendant convicted of certain crimes, including those 'committed by fraud or deceit,' to pay restitution to the victims of his or her offense in an amount equal to the value of any property damaged or lost in the offense." 18 U.S.C. § 3663A. The MVRA seeks to

"recognize the impact that crime has on the victim, and, to the extent possible, ensure that [the] offender be held accountable to repay these costs." *United States v. Novak*, 476 F.3d 1041, 1043 (9th Cir. 2007) (quoting S. Rep. No. 104-179, at 18 (1995)). To ensure that accountability, the MVRA's enforcement provision "consolidated and strengthened the procedures available to the government for collecting unpaid restitution." 18 U.S.C. § 3613(a); *United States v. Swenson*, 971 F.3d 977, 982 (9th Cir. 2020) (citing *In re Partida*, 862 F.3d 909, 913 (9th Cir. 2017)). The provision provides:

> The United States may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law. Notwithstanding any other Federal law[,] . . . a judgment imposing a fine may be enforced against all property or rights to property of the person fined[.]

§ 3613(a); *see Swenson*, 971 F.3d at 983 ("We have recognized from the breadth of the statute's text Congress's intent to broaden the government's collection powers to reach all of a defendant's assets.").

The MVRA provides that a criminal judgment ordering restitution may be enforced "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. §§ 3613(a) and (f); *see also United States v. Berger*, 574 F.3d 1202, 1204 (9th Cir. 2009). The FDCPA provides procedures for recovery of an outstanding judgment, such as an amount owed for restitution. 28 U.S.C. §§ 3001-3002; *United States v. Gianelli*, 543 F.3d 1178, 1182 (9th Cir. 2008), *cert. denied*, 555 U.S. 1175 (2009). The FDCPA includes a judgment lien under 28 U.S.C. § 3201. Where, as here, the restitution lien arose from a criminal judgment, it remains civil in nature. *See United States v. Clark*, 2014 WL 12856116, at *1 (D. Ariz. May 8, 2014) ("[A]lthough a garnishment action may arise out of a criminal judgment, as is the case here, it is civil in nature.").

**B. Settlement Agreement**

During oral argument, Defendant's counsel clarified that the relief Defendant seeks is that the Government allow him to sell the property. Defendant's counsel also recognized

that because of the time gap and the increased interest rates, this is not necessarily an option anymore.  Regardless, the Government represents that Amerifirst would be unable to lend to Defendant even if the Government temporarily released its lien.  (Doc. 212 at 11). Because of Defendant's admission that the circumstances have changed, coupled with the Government's representations that Amerifirst would be unable to lend regardless of whether the Government released the lien, the Court finds enforcement of the settlement agreement to be moot.

### C. Defendant's Motion to Quash the Government's Lien

In the alternative, Defendant asks this Court to quash the Government's lien. Defendant cites no authority, however, and the Court is aware of none, that permits this Court to do so.  The Court also questions whether Defendant's request to quash the lien is appropriate here.  Two statutes control this matter—the MVRA and the FDCPA.  Under the FDCPA, Defendant may file a motion to quash a writ of garnishment.  28 U.S.C. § 3205(c)(10).  The garnishment may be quashed by (1) court order, (2) exhaustion of the property that is the subject of the garnishment, or (3) satisfaction of the debt.  *Id.*  Defendant has not presented a similar legal basis for quashing the judgment lien under 28 U.S.C. § 3201.  Finding none, the Court finds Defendant has not met his burden to quash the lien and the Motion will be denied.  *See United States v. Taylor*, 2018 WL 10016087, at *1 (D. Ariz. May 14, 2018) ("The party that moves to quash . . . has the burden of persuasion.").

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Enforce Settlement/Payment Agreement, or in the alternative, his Motion to Quash the Government's Restitution Lien on 3759 S. Dew Drop Lane in Gilbert, Arizona (Doc. 210) is **denied**.

Dated this 18th day of November, 2022.

Honorable Diane J. Humetewa
United States District Judge